UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRUCE MERRICK
1500 Bernheim Lane
Louisville, KY 40210

DANT CLAYTON CORPORATION
1500 Bernheim Lane
Louisville, KY 40210

ARTHUR MILBY
2301 Fust Ave.
Louisville, KY 40216

ROSE JOHNSON and
SAMUEL JOHNSON
2303 Fust Ave.
Louisville, KY 40216

JOSEPH M. BILLY and
SAMANTHA G. ALLEN, by and through
Her Attorney-In-Fact, NANCY L. BILLY
1410 McCoy Ave.
Louisville, KY 40215

    PLAINTIFFS for Themselves and On Behalf
    Of All Others Similarly Situated

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

VS.

DIAGEO AMERICAS SUPPLY, INC.
801 Main Avenue
Norwalk, CT 06851

    SERVE:   Corporate Creations Network Inc.
                 Registered Agent for Diageo Americas Supply, Inc.
                 101 North Seventh Street
                 Louisville, KY 40202

    DEFENDANT

\* \* \* \* \* \* \* \* \*

NOW COME Bruce Merrick, Dant Clayton Corporation, Arthur Milby, Rose Johnson, Samuel Johnson, Joseph M. Billy and Samantha G. Allen, by and through her Attorney-in-Fact, Nancy L. Billy, ("Plaintiffs"), for themselves and on behalf of all others similarly situated, by and through their attorneys, William F. McMurry and Morris & Player PLLC, and state in support of their Class Action Complaint and Jury Demand against Defendant Diageo Americas Supply, Inc. ("Diageo"), as follows:

## NATURE OF THE ACTION

1. This action is necessary to protect the property rights of Plaintiffs and all others similarly situated whose Kentucky real and personal property has been damaged due to Defendant's Kentucky operations

2. As further set forth herein, Defendant's operations cause the fungus *Baudoinia compniacensis*, colloquially referred to as "whiskey fungus", to accumulate on real and personal property in the vicinity of Defendant's operations in Kentucky.

3. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly caused by Defendant's operations creates an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property is reduced.

4. Plaintiffs bring this action on behalf of themselves and all others who have similarly suffered injury to their Kentucky property as a result of the Defendant's conduct described herein.

5. The reason for not joining all potential class members as Plaintiffs is that, upon information and belief, there are hundreds of potential plaintiffs making it impractical to bring them before the Court. All Plaintiffs own or lease real property and/or personal property in the form of motorized vehicles that are situated in neighborhoods which are in the vicinity of Defendant's operations in Kentucky.

6. There are many persons and entities in neighborhoods surrounding Defendant's facilities in Kentucky who have been similarly affected and the question to be determined is one of common and general interest to the Class to which Plaintiffs belong and the group is so numerous as to make it impracticable to bring them all before the Court, for which reason Plaintiffs initiate this litigation for all persons and entities similarly situated pursuant to FRCP 23.

7. Issues and questions of law and fact common to the members of the Class predominate over questions affecting individual members and the claims of Plaintiffs are typical of the claims of the proposed class.

8. The maintenance of this litigation as a Class Action will be superior to other methods of adjudication in promoting the convenient administration of justice.

9. Plaintiffs and the law firms of William F. McMurry and Morris & Player PLLC will fairly and adequately assert and protect the interests of the Class.

## PARTIES AND JURISDICTION

10. At all times material hereto, Defendant Diageo was and is a New York corporation doing business in the Commonwealth of Kentucky that operates an alcoholic beverage distillery and alcoholic beverage warehouse in, among other places, Louisville, Kentucky.

11. Bruce Merrick is a citizen of Kentucky and at all times material hereto owned commercial real property located at 1500-1600 Bernheim Lane, Louisville, Kentucky.

12. Dant Clayton Corporation is a Kentucky Corporation that operates commercial businesses at 1500-1600 Bernheim Lane and 1163 Algonquin Parkway, Louisville Kentucky.

13. Arthur Milby is a citizen of Kentucky and at all material times hereto resided at 2301 Fust Avenue, Louisville, Kentucky.

14. Rose and Samuel Johnson are citizens of Kentucky and at all times material hereto resided at 2303 Fust Avenue, Louisville, Kentucky.

15. Joseph M. Billy and Samantha G. Allen are citizens of Kentucky and at all times material hereto have resided at 1410 McCoy Avenue, Louisville, Kentucky. Nancy L. Billy is also a citizen of Kentucky and resides in the same household and is the Attorney-in-Fact for her daughter, Samantha Allen, who owns the real property at 1410 McCoy Avenue. A copy of the durable power of attorney is attached hereto as **Exhibit 1**.

16. The amount in controversy exceeds the jurisdictional requirements of this Court.

17. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332.

## FACTUAL ALLEGATIONS

18. Defendant is engaged in the commercial production of alcoholic beverages.

19. Whiskey fungus accumulates on surfaces in proximity to Defendant's Kentucky alcoholic beverage production operations, including specifically its aging/warehousing operations.

20. Whiskey fungus has accumulated on the Defendant's commercial property, including specifically the Defendant's aging warehouses.

21.     Defendant's alcoholic beverage production operations have caused accumulation of whiskey fungus on Plaintiffs' real and personal property in Kentucky and the real and personal property of others similarly situated in Kentucky.

22.     As a result of Defendant's alcoholic beverage production operations in Kentucky, including specifically during the aging/warehousing stage of alcoholic beverage production, ethanol emissions occur.

23.     The ethanol emissions that occur as a result of Defendant's Kentucky operations are discharged into the atmosphere.

24.     The ethanol emitted by the Defendant's Kentucky alcoholic beverage production operations is present in and around the Plaintiffs' real and personal property and the real and personal property of others similarly situated in the neighborhoods surrounding Defendant's Kentucky operations.

25.     Defendant has not instituted emission control measures to reduce the ethanol emitted during its alcoholic beverage production operations.

26.     The growth of whiskey fungus is catalyzed and promoted by the presence of ethanol emissions such as those produced by Defendant's Kentucky alcoholic beverage production operations.

27.     Whiskey fungus catalyzed and promoted by the presence of ethanol emissions such as those produced by Defendant's Kentucky operations accumulates on many types of surfaces, including metal, vinyl, concrete and wood.

28.     Whiskey fungus is primarily black and has a "sooty" appearance. The black fungus is very visible on homes, businesses and vehicles and is unsightly.

29. The whiskey fungus caused by Defendant's operations appears as a black stain, black dots, and soot and requires regular cleaning that damages property and precludes Plaintiffs and others similarly situated from the full use and enjoyment of their properties.

30. Whiskey fungus can only be removed with extreme cleaning measures such as a high-pressure washing or the application of caustic chemicals such as chlorine bleach.

31. Removing accumulations of whiskey fungus caused by Defendant's operations in Kentucky, requires an abnormal amount of time, money, energy and equipment to clean external surfaces, including gutters, siding, roofing, fencing and vehicles.

32. Many residents and business owners do not have the physical capability and/or equipment necessary to remove the accumulations of whiskey fungus on their property caused by Defendant's operations.

33. Whiskey fungus and the extreme cleaning methods necessary for its removal cause early weathering of surfaces affected by the fungus.

34. Defendant Diageo distills, ages and/or stores alcohol in Louisville at 3860 Fitzgerald Avenue, Louisville, Kentucky; 3852 Tucker Avenue, Louisville, Kentucky; and at a warehouse facility on Miller Lane in Louisville.

35. Whiskey fungus that has accumulated on Defendant's property including the foregoing properties has spread to the surrounding neighborhoods.

36. Defendant's alcoholic beverage production operations, including the foregoing locations, emit ethanol into the neighborhoods surrounding its operations, including the Plaintiffs' neighborhoods and the neighborhoods of others similarly situated which catalyzes and promotes the growth of whiskey fungus on surrounding properties.

37. Upon information and belief, Defendant operates additional alcoholic beverage production facilities and ethanol-emitting facilities in other locations within Kentucky which spread and promote the growth of whiskey fungus to surrounding Kentucky properties.

38. At all times material hereto, Bruce Merrick owned commercial real property located at 1500-1600 Bernheim Lane, Louisville, Kentucky, which, as a result of Defendant's conduct herein described, accumulates whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

39. At all times material hereto, Dant Clayton Corporation operated commercial businesses and leases real property at 1500-1600 Bernheim Lane and 1163 Algonquin Parkway, Louisville Kentucky which, as a result of Defendant's conduct herein described, accumulates whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the value of the leased premises has been reduced.

40. At all times material hereto, Arthur Milby owned the real property located at 2301 Fust Ave., Louisville, Kentucky which, as a result of Defendant's conduct herein described, accumulates whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference

with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

41. At all times material hereto, Rose and Samuel Johnson owned the real property located at 2303 Fust Ave., Louisville, Kentucky which, as a result of Defendant's conduct herein described, accumulates whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

42. At all times material hereto, Samantha G. Allen owned the real property located at 1410 McCoy Avenue, Louisville, Kentucky, which, as a result of Defendant's conduct herein described, accumulates whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

43. At all times material hereto, Joseph Billy owned a 2000 Dodge Stratus parked at his residence at 1410 McCoy Avenue, Louisville, Kentucky. As a result of Defendant's conduct herein described, Mr. Billy's vehicle accumulates whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

## CLASS ACTION ALLEGATIONS

44. Plaintiffs bring this class action against the Defendant pursuant to FRCP 23, on behalf of:

   a. All persons and entities who own real property in Kentucky in the vicinity, the exact radius of which is to be determined, of Defendant's alcoholic beverage production operations in Kentucky;

   b. All persons and entities who rent or lease commercial real property in Kentucky in the vicinity, the exact radius of which is to be determined, of Defendant's alcoholic beverage production operations in Kentucky and have an obligation to maintain the premises; and

   c. All persons and entities who own motorized vehicles in Kentucky that are regularly parked and/or stored in the vicinity, the exact radius of which is to be determined, of Defendant's alcoholic beverage production operations in Kentucky.

   d. Excluded from the Class are the Defendant, its subsidiaries and affiliates, and officers and directors and members of their immediate families, and any entity in which the Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party.

45. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at the present time, it is estimated that there are hundreds of members in the Class.

46. Despite the numerical size of the Class, the identities of the Class members can be readily ascertained. Plaintiffs and their counsel do not anticipate any difficulties in the management of this action as a class action.

47. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs are committed to vigorously prosecute this action and have retained competent counsel experienced in class action litigation. Plaintiffs are Class members and have no interests antagonistic to or in conflict with other Class members. Plaintiffs are represented by lawyers who have had extensive experience in prosecuting class actions and will adequately represent the purported Class in this action.

48. This action raises numerous questions of law and fact which are common to the Class members, including:

    a. Whether Defendant knew or should have known of whiskey fungus accumulations in surrounding neighborhoods as a result of its alcoholic beverage production operations;

    b. Whether Defendant's use of its property unreasonably interferes with the private use and enjoyment of surrounding properties;

    c. Whether Defendant is liable for temporary or permanent nuisance, negligence, gross negligence and trespass;

    d. The remedies available to Defendant to prevent ethanol emissions;

    e. The remedies, including the cost thereof, to cure the existing accumulations of whiskey fungus;

    f. Whether the Class is entitled to exemplary damages;

    g. Whether the Class is entitled to injunctive relief.

49. The claims or defenses of the represented parties are typical of the claims or defenses of the Class. Plaintiffs have the same interests as the other Class members in

prosecuting the claims against the Defendant. Plaintiffs and all the members of the Class sustained damages as a result of Defendant's wrongful conduct.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Common issues predominate. Furthermore, the expense and burden of individual litigation make it extraordinarily difficult for Class members to redress the wrongs done to them individually.

### **COUNT I – NEGLIGENCE AND GROSS NEGLIGENCE**

51. The foregoing allegations are re-alleged and incorporated herein.

52. Defendant knew or should have known that its alcoholic beverage production operations in Kentucky cause whiskey fungus to accumulate on real and personal property located in proximity to its operations, thereby causing injury to such properties.

53. Defendant has a duty to minimize and prevent the accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky.

54. Defendant has a duty to minimize and prevent the ethanol emissions from entering on to Plaintiffs' property and the property of others similarly situated.

55. As a direct and proximate result of the Defendant's conduct, the property of the Plaintiffs and others similarly situated has been damaged by the accumulation of whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

56. Defendant's conduct described herein constitutes gross negligence and/or a wanton, willful and reckless disregard for the rights of the Plaintiffs and others similarly situated entitling them to recover punitive damages.

## COUNT II – TEMPORARY NUISANCE

57. The foregoing allegations are re-alleged and incorporated herein.

58. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky is a temporary nuisance as defined in KRS 411.540.

59. Defendant's ethanol emissions are a temporary nuisance as defined in KRS 411.540.

60. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky can be corrected or abated at reasonable expense to the Defendant.

61. Defendant's ethanol emissions can be corrected or abated at reasonable expense to the Defendant.

62. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky unreasonably interferes with the private use and enjoyment of Plaintiffs' property and the property of those similarly situated such that it causes unreasonable and substantial annoyance to the occupants of the property.

63. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky unreasonably interferes with the use and enjoyment of Plaintiffs' property and the

property of those similarly situated, and thereby causes the value of use or the rental value of the property to be reduced.

64. Defendant has a duty to minimize and prevent the accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky.

65. Defendant has a duty to minimize and prevent the ethanol emissions from entering on to Plaintiffs' property and the property of others similarly situated.

66. As a direct and proximate result of the Defendant's conduct, the property of the Plaintiffs and others similarly situated has been damaged by the accumulation of whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

67. The conduct of the Defendant in causing the nuisance herein described was and is malicious, reckless, willful or grossly negligent entitling the Plaintiffs and those similarly situated to punitive damages.

## COUNT III – PERMANENT NUISANCE

68. The foregoing allegations are re-alleged and incorporated herein.

69. Alternatively, the accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky is a permanent nuisance as defined in KRS 411.530.

70. And alternatively, Defendant's ethanol emissions are a permanent nuisance as defined in KRS 411.530.

71. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky unreasonably interferes with the private use and enjoyment of Plaintiffs' property and the property of those similarly situated such that it causes unreasonable and substantial annoyance to the occupants of the property.

72. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's alcoholic beverage production operations in Kentucky unreasonably interferes with the use and enjoyment of Plaintiffs' property and the property of those similarly situated, and thereby causes the fair market value of the property to be materially reduced.

73. As a direct and proximate result of the Defendant's conduct, the property of the Plaintiffs and others similarly situated has been damaged by the accumulation of whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the fair market value of the property has been materially reduced.

74. The conduct of the Defendant in causing the nuisance herein described was and is malicious, reckless, willful or grossly negligent entitling the Plaintiffs and those similarly situated to punitive damages.

## COUNT IV – TRESPASS

75. The foregoing allegations are re-alleged and incorporated herein.

76. As a direct and proximate result of the foregoing conduct of Defendant, whiskey fungus and ethanol from Defendant's Kentucky alcoholic beverage production operations

entered upon, accumulated upon, and physically invaded Plaintiffs' property and the property of others similarly situated.

77. Plaintiffs and others similarly situated did not consent to the invasion of their property.

78. It was reasonably foreseeable that Defendant's failure to properly construct, maintain, and/or operate it facilities could result in an invasion of Plaintiffs' possessory interests.

79. As a direct and proximate result of the Defendant's conduct, the property of the Plaintiffs and others similarly situated has been damaged by the accumulation of whiskey fungus which causes damage to the property, an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property has been reduced.

80. The Defendant's actions were, and continue to be, intentional, willful, malicious, grossly negligent and made with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to punitive damages.

## COUNT V – RIGHT TO INJUNCTIVE RELIEF

81. The foregoing allegations are re-alleged and incorporated herein.

82. As a direct and proximate result of the Defendant's alcoholic beverage production operations in Kentucky, the property rights of the Plaintiffs and others similarly situated have been injured and continue to be injured by Defendant's conduct.

83. The accumulation of whiskey fungus caused by Defendant's operations immediately damages Plaintiffs' property rights and the property rights of others similarly situated.

84. The accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated caused by Defendant's operations creates an unsightly condition requiring abnormal and costly cleaning and maintenance, early weathering of surfaces affected by the fungus and causes unreasonable and substantial annoyance and unreasonable interference with the use and enjoyment of the property, and, as a result of which, the value, value of use and/or the rental value of the property is reduced.

85. Defendant's conduct in Kentucky which causes the accumulation of whiskey fungus, including its excessive ethanol emissions, is not essential to Defendant's Kentucky operations and, as such, there is no benefit to Defendant's conduct.

86. The interests of the Plaintiffs and others similarly situated in protecting their property rights far exceeds the right of the Defendant to continue conduct which causes the accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated.

87. Plaintiffs and others similarly situated are entitled to a permanent injunction requiring Defendant to abate the conduct, including excessive ethanol emissions, which causes the accumulation of whiskey fungus on Plaintiffs' property and the property of others similarly situated.

88. The Defendant's conduct creating the nuisance alleged herein can be corrected or abated at reasonable expense to the Defendant, and since it can be abated or corrected, public policy requires the Court enter an order of permanent injunction to avoid a permanent nuisance.

89. The grant of the injunction will not unduly prejudice either the public or Defendant.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, respectfully demand that the Class be certified, that judgment be entered against Defendant for such amounts as will fairly and reasonably compensate Plaintiffs and the Class for their compensatory damages as may be proven, a permanent injunction, punitive damages, their costs herein including reasonable attorneys' fees, prejudgment interest, a trial by jury and for all other relief to which they may appear properly entitled.

Respectfully submitted,

s/ William F. McMurry
William F. McMurry
McMurry & Associates
1211 Herr Lane, Suite 205
Louisville, Kentucky 40222
*Co-Counsel for Plaintiffs*

Douglas H. Morris
Lea A. Player
Ben W. Carter
MORRIS & PLAYER PLLC
1211 Herr Lane, Suite 205
Louisville, KY 40222
lap@morrisplayer.com
*Co-counsel for Plaintiff*

r:\clients\whiskey fungus class action\pleadings\complaint wdky vs diageo.doc