

# Commonwealth of Kentucky
# Court of Appeals

NO. 2014-CA-000258-OA

MICHAEL R. MILLS, ET AL.                                    PETITIONERS

v.    AN ORIGINAL ACTION
ARISING FROM FRANKLIN CIRCUIT COURT
ACTION NO. 12-CI-00743

HONORABLE THOMAS D. WINGATE,
JUDGE, FRANKLIN CIRCUIT COURT                              RESPONDENT

AND

BUFFALO TRACE DISTILLERY, INC.,
and BEAM, INC.                                    REAL PARTIES IN INTEREST

ORDER
GRANTING PETITION FOR WRIT OF MANDAMUS

\*\* \*\* \*\* \*\* \*\*

BEFORE: DIXON, LAMBERT, AND THOMPSON, JUDGES.

Petitioners, Michael R. Mills, et al., filed a petition for writ of mandamus to require the trial court to lift a stay of discovery. Having considered the petition for writ of mandamus, the response, and being otherwise sufficiently advised, the Court ORDERS that the petition be, and it is hereby, GRANTED.

As a preliminary matter, Petitioners filed a motion for leave to cite additional authority. Having considered the motion and being otherwise sufficiently advised, the Court ORDERS that the motion be, and it is hereby, GRANTED.

Petitioners filed a class action against Real Parties in Interest, Buffalo Trace Distillery, Inc. and Beam, Inc., in Franklin Circuit Court on June 6, 2012. The complaint alleged various claims for property damages caused by ethanol emissions associated with the production of alcoholic beverages. Petitioners served discovery requests upon Beam on August 23, 2012. Beam responded by filing a motion to stay discovery pending the resolution of its motion to dismiss the complaint. The trial court granted Beam's motion to stay discovery pending the resolution of the motion to dismiss in an order entered on September 24, 2012.

In October 2012, Petitioners served its first discovery request upon Buffalo Trace and its second discovery request upon Beam. On November 8, 2012, Beam and Buffalo Trace filed a joint motion to stay discovery and to dismiss the complaint. Beam and Buffalo Trace argued that the Petitioners' claims were

preempted by the Federal Clean Air Act. On February 28, 2013, the trial court granted the joint motion to stay discovery. On August 28, 2013, the trial court entered an order denying the joint motion to dismiss and lifting the stay of discovery.

On December 18, 2013, Beam and Buffalo Trace filed a joint motion to stay further proceedings pending the resolution of *Merrick v. Brown-Forman Corp.*, 2013-CA-002048-MR, a separate case which involves the same preemption issue. In *Merrick*, the Jefferson Circuit Court held that the Clean Air Act preempted Kentucky law and the plaintiffs appealed to this Court. Apparently, the preemption issue is one of first impression in Kentucky and the federal courts are divided. Following a hearing, the trial court entered an order granting the joint motion to stay further proceedings pending this Court's resolution of *Merrick v. Brown-Forman Corp.* This petition for writ of mandamus followed.

Extraordinary writs may be granted upon a showing that: (1) "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court," or (2) "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise," and "great injustice and irreparable injury will result if the petition is not granted." *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

Our Civil Rules do not provide for the type of stay used by trial courts to halt proceedings in cases appearing on their dockets. *Estate of Cline v. Weddle*, 250 S.W.3d 330, 332 (Ky. 2008). Kentucky law regards such stays with "some disfavor." *Id.* The potential loss of valuable evidence resulting from a stay of indefinite duration constitutes an irreparable injury with no adequate remedy by appeal. *Id.* at 337. A stay pending appeal is of indefinite duration. *Id.* The party opposing a stay is not required to identify specific evidence that may be lost as result of the stay because "the purpose of discovery is to uncover witnesses and evidence and secure it for trial." *Rehm v. Clayton*, 132 S.W.3d 864, 868 (Ky. 2004). While "a trial court has inherent power to stay proceedings as part of managing its own docket, it abuses its discretion by ordering an indefinite stay in a pending case without a clear showing of a 'pressing need.'" *Weddle*, 250 S.W.3d at 337. After identifying a pressing need, the trial court must balance the interests in favor of a stay against the interests frustrated by a stay. *Rehm*, 132 S.W.3d at 870. The cost and expense of duplicative litigation does not outweigh the potential loss of valuable evidence. *Id.* Further, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 869. (Quoting *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)).

In the present case, the trial court ordered a stay pending the resolution of a separate case. As stated above, a stay pending appeal is of indefinite duration. Petitioners asserted the potential loss of evidence in opposition to the stay. Therefore, we conclude that Petitioners have demonstrated the availability of a writ.

In the order granting the stay, the trial court did not identify a pressing need or demonstrate a balancing of the interests. Beam and Buffalo Trace argue that if this Court determines in the *Merrick* case that federal law preempts Kentucky law, then such determination will be dispositive of the claims in the present case. Beam and Buffalo Trace further argue that the parties' and judicial resources will be wasted in such an event. Under *Rehm*, such considerations fall short of establishing pressing need. Therefore, we conclude that the trial court abused its discretion by ordering a stay of indefinite duration in the absence of a pressing need.

Beam and Buffalo Trace argue that *Rehm* and *Weddle* are distinguishable from the present case on the facts. Regardless of the underlying facts, *Rehm* and *Weddle* clearly set forth the requirements to justify a stay of indefinite duration: (1) a pressing need; and (2) balancing of the interests. In this case, the trial court failed to identify a pressing need and failed to demonstrate a

balancing of the interests. We conclude that *Rehm* and *Weddle* are applicable to the present case.

Beam and Buffalo Trace further argue that a stay was warranted because the issue on appeal to this Court in the *Merrick* case would be dispositive of the preemption issue. However, this Court, as an intermediate appellate court, may not necessarily have the final word on the preemption issue. Beam and Buffalo Trace cite the unpublished case of *Appalachian Land Co. v. EQT Prod. Co.*, 2012 WL 523749 (No. 7:08–139–KKC) (E.D. Ky. 2012) for the proposition that an indefinite stay pending appeal in a separate case is appropriate when a ruling on the issue would resolve both cases. However, in *Appalachian Land Co.*, the plaintiff requested the stay and it is unclear whether the defendant opposed the stay. Furthermore, the propriety of the stay was not at issue in *Appalachian Land Co.*

Beam and Buffalo Trace cite several decisions from foreign jurisdictions that upheld stays pending the resolution of dispositive issues in separate cases. We are not persuaded by the decisions of foreign jurisdictions because the decisions in *Rehm* and *Weddle* clearly set forth the applicable law in Kentucky. This Court is obligated to follow the precedent established by the Supreme Court of Kentucky. Rules of the Supreme Court (SCR) 1.030(8)(a).

In conclusion, we hold that the trial court abused its discretion by ordering a stay of indefinite duration in the absence of a pressing need.

Accordingly, the Court ORDERS that the petition for writ of mandamus be, and it is hereby, GRANTED.

ENTERED: 5/7/14

JUDGE, COURT OF APPEALS