UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRUCE MERRICK, et al. PLAINTIFFS

v. NO. 3:12-CV-00334-CRS

DIAGEO AMERICAS SUPPLY, INC. DEFENDANT

### SUPPLEMENTAL MEMORANDUM OPINION & ORDER

Before the court is the motion of the defendant, Diageo Americas Supply, Inc. ("Diageo"), to "certify" a portion of our Order of March 19, 2014 (DN 46) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay of proceedings pending that proposed appeal. (DN 50).

As set forth more fully in the court's Memorandum Opinion dated March 19, 2014, Plaintiffs[1] allege that ethanol emissions from Diageo's whiskey aging facilities cause *Baudoinia compniacensis*, colloquially referred to as "whiskey fungus," to accumulate on their real and personal property. They contend that the presence of the fungus on their property creates an unsightly condition that unreasonably interferes with the use of their property and reduces its value.

Diageo filed a motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and subsequently sought leave to file supplemental authority so as to raise the defense of preemption under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.* (DNs 18, 28). In an Order and accompanying Memorandum Opinion, both dated March 19, 2014, this court granted Diageo's motion for leave to file supplemental authority but held that Plaintiffs' state common law tort claims were not preempted by the Clean Air Act. (DNs 45, 46). We also denied Diageo's motion to dismiss Plaintiffs' state law tort claims, with the exception of Plaintiff's negligence claim. (*Id.*). Diageo has now

---

[1] Plaintiffs are a putative class of individuals who allegedly own, lease, or rent real and/or personal property located in the vicinity of Diageo's warehouses.

moved pursuant to 28 U.S.C. § 1292(b) to "certify" an interlocutory appeal of the portion of that Order which denied its motion to dismiss on the grounds of preemption.

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, an application for an interlocutory appeal may be made if the district court finds that: (1) the district court's order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Lott*, 424 F.3d 446, 449 (6th Cir. 2005). The Sixth Circuit has held that review under 28 U.S.C. § 1292(b) should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

This Supplemental Memorandum Opinion and Order is intended to supplement this court's earlier Memorandum Opinion and Order of March 19, 2014, which is incorporated by reference herein in accordance with 28 U.S.C. § 1292(b). This court's finding that the Clean Air Act does not preempt Plaintiffs' state tort claims, if reversed on appeal, would conclude the litigation in its entirety before the parties incur substantial costs to litigate those tort claims. Thus, the preemption issue may be completely controlling, and it is a pure legal question. Moreover, there is substantial ground for difference of opinion on the preemptive effect of the Clean Air Act. *Compare Bell v. Cheswick Generating Station*, 734 F.3d 188, 198 (3d Cir. 2013), *cert denied*, 2014 WL 695082, — S. Ct. — (June 2, 2014), *with North Carolina ex rel. Cooper v. Tenn. Valley Auth.*, 615 F.3d 291, 298 (4th Cir. 2010).

Finally, an appeal at this point in the lawsuit could, as stated earlier, advance the termination of the litigation. The parties should not be required to expend substantial litigation costs and attorney fees,

and encounter delay, only to possibly find later that Plaintiffs' state tort claims are precluded by the Clean Air Act. While this court has found those claims viable, the preemption issue will not disappear. Recognizing that the Court of Appeals will have the last word, the court believes that the legal question of preemption ought to be resolved now rather than later.

Accordingly, pursuant to 28 U.S.C. § 1292(b) and for the reasons stated above, the court believes that the determination of the Clean Air Act's preemptive effect on state common law tort claims is a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from so much of our March 19, 2014 Memorandum Opinion and Order (incorporated herein) holding that the Clean Air Act does not preempt state common law causes of action may materially advance the termination of the litigation.

It is so ordered.